UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PENINSULA TOWNSHIP; WINERIES OF THE OLD MISSION PENINSULA ASSOCIATION; BOWERS HARBOR VINEYARD & WINERY, INC.; BRYS WINERY, LC; CHATEAU GRAND TRAVERSE, LTD.; CHATEAU OPERATIONS, LTD.; GRAPE HARBOR, INC.; MONTAGUE DEVELOPMENT, LLC; OV THE FARM, LLC; TABONE VINEYARDS, LLC; TWO LADS, LLC; VILLA MARI LLC; WINERY AT BLACK STAR FARMS, LLC; and PROTECT THE PENINSULA, INC.,<br><br>Defendants. | Case No.  1:25-cv-913 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, U.S. Specialty Insurance Company ("USSIC"), by and through undersigned counsel, brings this action against Defendants, Peninsula Township (the "Township"), Wineries of The Old Mission Peninsula Association ("WOMP"), Bowers Harbor Vineyard & Winery, Inc. ("Bowers Harbor"), Brys Winery, LLC ("Brys"), Chateau Grand Traverse, Ltd. ("Grand Traverse"), Chateau Operations, Ltd. ("Chateau Operations"), Grape Harbor, Inc. ("Grape Harbor"), Montague Development, LLC ("Montague"), OV The Farm, LLC ("OV"), Tabone Vineyards, LLC ("Tabone"), Two Lads, LLC ("Two Lads"), Villa Mari LLC ("Villa Mari"), Winery at Black Star Farms, LLC ("Black Star"), and Protect The Peninsula, Inc. ("PTP"), and alleges as follows:

1

**NATURE OF THE ACTION**

1. USSIC seeks a declaration of the parties' rights and obligations pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202 with respect to a policy of insurance issued to the Township (the "Policy") and requests for coverage made by the Township under the Policy. A true and correct copy of the Policy is attached as Exhibit 1.

2. On October 21, 2020, a Complaint and a Motion for Preliminary Injunction were filed by WOMP and Bowers Harbor, Brys, Grand Traverse, Chateau Operations, Grape Harbor, Montague, OV, Tabone, Two Lads, Villa Mari, and Black Star (the "Wineries") asserting various allegations against the Township in relation to the Township's ordinances which govern the Wineries, captioned *Wineries of the Old Mission Peninsula (WOMP) Assoc. et al. v. Peninsula Township*, Case No. 1:20-cv-01008 in the U.S. District Court for the Western District of Michigan (the "Lawsuit"). True and correct copies of the Complaint and Motion for Preliminary Injunction are attached as Exhibit 2 and Exhibit 3 respectively.

3. On January 4, 2021, WOMP and the Wineries filed a First Amended Complaint likewise asserting various allegations in relation to the Township's ordinances which govern the Wineries. A true and correct copy of the First Amended Complaint is attached as Exhibit 4.

4. On January 25, 2021, the Township tendered a copy of the First Amended Complaint to USSIC.

5. On October 29, 2021, USSIC issued coverage correspondence to the Township in which USSIC agreed to defend the Lawsuit under the Policy subject to a reservation of rights.

6. On July 7, 2025, an Opinion and Judgment were entered in favor of WOMP and the Wineries, granting WOMP and the Wineries millions of dollars in damages but declining to issue injunctive relief. True and correct copies of the Opinion and Judgment are attached as Exhibit 5 and Exhibit 6 respectively.

## **PARTIES**

7. Plaintiff USSIC is a Texas corporation with its principal place of business in Houston, Texas.

8. Defendant Township is located in Grand Traverse County, Michigan, with its office located at 13235 Center Road, Traverse City, MI 49686. Defendant Peninsula Township is a municipality located in Grand Traverse County, Michigan and therefore, constitutes a Citizen of the State of Michigan.

9. Defendant PTP is a Michigan non-profit organization with its principal place of business in Peninsula Township, Grand Traverse County, Michigan.

10. Defendant WOMP is a Michigan non-profit corporation with its principal place of business in Peninsula Township, Grand Traverse County, Michigan.

11. Defendant Bowers Harbor is a Michigan corporation with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Bowers Harbor is a WOMP member.

12. Defendant Brys is a Michigan limited liability company with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Brys is a WOMP member. Upon information and belief, all members of Defendant Brys are residents of Michigan and are, thus, citizens of Michigan.

13. Defendant Grand Traverse is a Michigan corporation with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Grand Traverse is a WOMP member.

14. Defendant Chateau Operations is a Michigan corporation that operates a winery under the trade name Chateau Chantal ("Chateau Chantal") with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Chateau Chantal is a WOMP member.

3

15. Defendant Grape Harbor is a Michigan corporation that operates a winery under the trade name Peninsula Cellars ("Peninsula Cellars") with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Peninsula Cellars is a WOMP member.

16. Defendant Montague is a Michigan limited liability company, operating under the trade name Hawthorne Vineyards ("Hawthorne"), with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Hawthorne is a WOMP member. Upon information and belief, all members of Defendant Montague are residents of Michigan and are, thus, citizens of Michigan.

17. Defendant OV is a Michigan limited liability company that operates a winery under the trade name Bonobo Winery ("Bonobo"), with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Bonobo is a WOMP member. Upon information and belief, all members of Defendant OV are residents of Michigan and are, thus, citizens of Michigan.

18. Defendant Tabone is a Michigan limited liability company with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Tabone is a WOMP member. Upon information and belief, all members of Defendant Tabone are residents of Michigan and are, thus, citizens of Michigan.

19. Defendant Two Lads is a Michigan limited liability company with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Two Lads is a WOMP member. Upon information and belief, all members of Defendant Two Lads are residents of Michigan and are, thus, citizens of Michigan.

20. Defendant Villa Mari is a Michigan limited liability company that operates a winery under the trade name Mari Vineyard ("Mari"), with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Mari is a WOMP member. Upon

4

information and belief, all members of Defendant Villa Mari are residents of Michigan and are, thus, citizens of Michigan.

21. Defendant Black Star is a Michigan limited liability company with its principal place of business in Peninsula Township, Grand Traverse County, Michigan. Black Star is a WOMP member. Upon information and belief, all members of Defendant Black Star are residents of Michigan and are, thus, citizens of Michigan.

## JURISDICTION AND VENUE

22. This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiff is a citizen of Texas, and all Defendants are citizens of Michigan. The matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, because the combined damages sought in the underlying action and the amount of insurance at issue exceed this sum.

23. Venue is proper pursuant to 28 U.S.C. § 1391 because the underlying action involves the parties' dispute associated with Defendants' winery businesses that are located in the Western District of Michigan and the underlying action was pending in the Western District of Michigan.

24. This Court possesses specific personal jurisdiction over all Defendants because all Defendants are located in the State of Michigan and within the Western District of Michigan.

## THE CLAIM

25. The Lawsuit arose from certain zoning ordinances promulgated by the Township that govern the operation of the Wineries located on the Old Mission Peninsula ("OMP") in Michigan.

26. The Township is a township of Grand Traverse County. The Township covers nearly all of the OMP, which is nineteen miles long and approximately three miles wide.

5

27. WOMP and the Wineries seek to farm, produce wine, and run profitable business ventures. WOMP and the Wineries initiated the Lawsuit against the Township, alleging that certain ordinances violate their federal constitutional rights and Michigan law.

28. PTP intervened in the Lawsuit.

29. WOMP and the Wineries asserted the following causes of action: (i) facial challenge to violation of Freedom of Speech, Freedom of Expression and Free Exercise under the First and Fourteenth Amendments; (ii) as-applied challenge to violation of Freedom of Speech under the First and Fourteenth Amendments; (iii) violation of Freedom of Association under the First and Fourteenth Amendments; (iv) violation of Due Process; (v) Dormant Commerce Clause (discrimination against interstate commerce); (vi) Dormant Commerce Clause (excessive burden on interstate commerce); (vii) regulatory taking (Fifth and Fourteenth Amendment); (viii) state law pre-emption; (ix) violation of the Michigan Zoning Enabling Act; and (x) injunctive relief.

30. WOMP and the Wineries sought declaratory relief, injunctive relief, monetary damages, and costs and attorneys' fees.

31. Prior to trial, the Court ruled that certain sections of the Peninsula Township Zoning Ordinance ("PTZO") violated the Dormant Commerce Clause because they require Farm Processing Facilities and Winery-Chateaus to purchase a certain percentage of grapes from Peninsula Township farmers.

32. The Court ruled that the term "Guest Activity" is unconstitutionally vague and must be stricken from the PTZO.

33. The Court ruled that certain sections of the PTZO compel speech because they require the Wineries to promote Township agriculture at all Guest Activities by identifying "Peninsula Produced" food or beverages, providing "Peninsula Agriculture" promotional materials, or including tours through the Wineries or other agricultural locations.

34. The Court ruled that certain sections of the PTZO are unconstitutional prior restraints on speech because they require the Wineries to seek Township approval before hosting a meeting of a 501(c)(3) non-profit group or agricultural related groups while lacking definite criteria to make an approval determination.

35. The Court ruled that Michigan law pre-empts a section of the PTZO, which states, "Kitchen facilities may be used for on-site food service related to Guest Activity Uses but not for off site catering."

36. The Court ruled that Michigan law pre-empts a section of the PTZO, which states, "No amplified instrumental music is allowed." However, the amplification level of music, which is merely a limitation and not a prohibition, is not pre-empted.

37. After a bench trial, with respect to the commercial speech claims, the Court addressed certain sections of the PTZO relating to regulation of logos and merchandise, promotion of the Township, outdoor displays, regulation of logo size, and promotion of food on signs.

38. The Court found that the Township could offer government interests in the enforcement of the PTZO. However, the Township could not show that the PTZO advances those interests or that the PTZO is narrowly tailored to achieve those interests.

39. Therefore, the Court held that those sections of the PTZO violated commercial speech.

40. With respect to damages, the Wineries conceded, and the Court agreed, that WOMP and the Wineries are bound by Michigan's three-year statute of limitations for injuries to persons or property. A true and correct copy of the Order is attached as Exhibit 7.

41. As such, the Court found that the damages could only be awarded in relation to the time period commencing on October 21, 2017, three years prior to the filing of the

Complaint, and ending on December 13, 2022, which was the date the Township repealed the PTZO.

42. With respect to injunctive relief, the Court declined to issue an injunction because the Township repealed the PTZO.

## THE POLICY

43. USSIC issued Policy No. HMTP-291634 (the "Policy") to the Township for the July 21, 2013 to July 21, 2014 policy period (the "Policy Period") with a $6 million aggregate limit of liability, a $5 million limit of liability for each **WRONGFUL ACT**, and a $100,000 limit of liability for a **REGULATORY TAKING OF PRIVATE PROPERTY**.[1]

44. The Policy provides that **"YOU, YOUR** and **NAMED INSURED"** refer to the entity identified as the **"INSURED"** in the Declarations, which is the Township.

45. The Policy provides that **"WE, US, OUR** and **COMPANY"** refer to the Company stated in the Declarations as providing the insurance, which is USSIC.

46. The Policy's Public Officials Liability Coverage part provides the following:

**INSURING AGREEMENTS**

**WE** will pay on behalf of the **INSURED** all **LOSS** that the **INSURED** shall be legally obligated to pay resulting from a **WRONGFUL ACT** to which this insurance applies. The **WRONGFUL ACT(S)** must occur within the **POLICY TERRITORY**. This insurance applies only to **WRONGFUL ACT(S)** that take place during the **POLICY PERIOD**.

**All claims for damages causing loss to the same person or organization as a result of WRONGFUL ACT(S) will be deemed to have occurred at the time the first WRONGFUL ACT(S) had allegedly been committed by the INSURED(S).**

47. The Policy defines "**LOSS**" as follows:

**LOSS** - means any compensatory monetary amount, including punitive damages where permitted by law, for which the **INSURED(S)** is legally obligated to pay as a result of **WRONGFUL ACT(S)** covered by this policy and shall include, but not be limited to, judgments and settlements. **LOSS** shall not include:

---

[1] Terms in bold in the Policy are in bold in this Complaint.

8

      1. Criminal or civil fines or penalties;

      2. Taxes;

      3. The salaries, wages or overhead expenses of the Director, Officers, Trustees, Staff members, or other members of the **NAMED INSURED**;

      4. Matters that may be deemed uninsurable under the law pursuant to which this policy shall be construed.

48. The Policy defines "**POLICY PERIOD**" as follows:

**POLICY PERIOD** - means the period of one year following the effective date and hour of this policy or anniversary thereof, or if time between the effective date or any anniversary and the termination of this policy is less than one year, such lesser period.

49. The Policy defines "**REGULATORY TAKING OF PRIVATE PROPERTY**" as follows:

**REGULATORY TAKING OF PRIVATE PROPERTY** means the enactment or enforcement of any regulations or ordinance which unconstitutionally and temporarily restricts the use of private property.

50. The Policy defines "**WRONGFUL ACT(S)**" as follows:

**WRONGFUL ACT(S)** means:

Any alleged or actual:

1. Error, misstatement, misleading statement, omission, neglect or breach of duty of the **INSURED**; or

2. Violation of any civil rights protected by federal law; or

3. Violation of any state civil rights law;

that arises out of the discharge of duties for the **NAMED INSURED**, individually or collectively.

51. The Policy contains the following Exclusion:

This insurance does not apply to and **WE** shall not be obligated to make any payment nor to defend any **SUIT** against the **INSURED**:

…

**10.** Arising from a taking that involves or is in any way related to the principles of eminent domain, adverse possession, dedication by adverse use, inverse condemnation, or condemnation proceedings, whether such loss is made directly against any **INSURED** or by virtue of any agreement entered into

9

> by or on behalf of any **INSURED.** This exclusion does not apply to the **REGULATORY TAKING OF PRIVATE PROPERTY** Limit of Liability for this coverage shown under Limits of Liability on the Declaration Page;

52. The Policy contains the following Defense and Supplementary Payments provision:

> **WE** shall have the right, but no duty, to appeal any judgment.
>
> …
>
> 1. The cost of bonds to release attachments and appeal bonds required in any **SUIT** defended by **US** but only for bond amounts within the applicable limit of insurance. **WE** do not have to furnish these bonds.

### COUNT I – DECLARATORY JUDGMENT
*The Township is Not Entitled to Coverage for the Damages in the Judgment Because the Wrongful Acts Occurred Outside the Policy Period.*

53. USSIC reasserts and incorporates by reference Paragraphs 1 through 52 as if fully set forth herein.

54. The Township seeks coverage for **LOSS** it incurred in relation to the Lawsuit.

55. The Policy provides, in relevant part, that USSIC will pay **LOSS** that the **INSURED** becomes legally obligated to pay only as a result of **WRONGFUL ACT(S)** that occur during the **POLICY PERIOD**.

56. The Policy provides coverage for the **POLICY PERIOD** beginning on July 21, 2013 and terminating on July 21, 2014.

57. In the Judgment, the Court awarded damages only for actions that occurred between October 21, 2017 and December 13, 2022, due to the applicable statute of limitations.

58. As such, damages were awarded only for the **WRONGFUL ACT(S)** that occurred between October 21, 2017 and December 13, 2022, after the **POLICY PERIOD**.

59. Because the **WRONGFUL ACT(S)** that resulted in awarded damages did not occur during the **POLICY PERIOD**, there is no coverage for such **LOSS** under the Policy.

60. Therefore, USSIC has no obligation to indemnify the Township in regard to the Judgment or the Lawsuit.

**WHEREFORE**, for the reasons set forth above, USSIC respectfully requests that this Court:

    i. Declare that USSIC has no obligation to provide coverage for **LOSS** incurred by the Township in relation to the Judgment or the Lawsuit because such **LOSS** occurred outside the **POLICY PERIOD**;

    ii. Declare that USSIC has no obligation to indemnity the Township for any of the damages awarded in the Judgment or the Lawsuit; and

    iii. Award USSIC any other relief that this Court deems just and appropriate.

## COUNT II – DECLARATORY JUDGMENT
*If the Alternative, Exclusion 10 Limits or Precludes Coverage.*

61. USSIC reasserts and incorporates by reference Paragraphs 1 through 60 as if fully set forth herein.

62. The Policy's Exclusion 10 provides, in relevant part, that the Policy does not apply to **LOSS** arising from a taking that involves or is in any way related to the principles of eminent domain, adverse possession, dedication by adverse use, inverse condemnation, or condemnation proceedings.

63. As stated above, the Court held that the PTZO unconstitutionally restricts the Wineries' businesses by governing certain aspects of the Wineries' operations.

64. The PTZO limited the use of the Wineries' property and decreased the Wineries' value.

65. All damages awarded in the Judgment stem from the unconstitutional restrictions that limited the use of the Wineries' property and decreased the Wineries' value.

66. Therefore, the **LOSS** arises from a taking that involves or is related to the principles of eminent domain, adverse possession, dedication by adverse use, inverse condemnation, or condemnation proceedings.

11

67. The Township is not entitled to coverage for the Lawsuit or the Judgment because all **WRONGFUL ACTS** resulting in **LOSS** occurred outside of the **POLICY PERIOD**.

68. However, in the alternative, even if some or all of the **WRONGFUL ACTS** resulting in **LOSS** occurred during the **POLICY PERIOD**, the Policy's Exclusion 10 applies, and there is no coverage under the Policy.

**WHEREFORE**, for the reasons set forth above, USSIC respectfully requests that this Court:

   i. Declare that USSIC has no obligation to provide coverage for **LOSS** incurred by the Township in relation to the Judgment or the Lawsuit because such **LOSS** is excluded by Exclusion 10;

   ii. Declare that USSIC has no obligation to indemnity the Township for any of the damages awarded in the Judgment or the Lawsuit; and

   iii. Award USSIC any other relief that this Court deems just and appropriate.

## COUNT III – DECLARATORY JUDGMENT

*In the Alternative, the Township's Actions Constitute a Regulatory Taking of Private Property and the Policy's Regulatory Taking of Private Property Sublimit of Liability Applies.*

69. USSIC reasserts and incorporates by reference Paragraphs 1 through 68 as if fully set forth herein.

70. The Policy provides a $100,000 limit of liability for a **REGULATORY TAKING OF PRIVATE PROPERTY**.

71. The Policy defines a "**REGULATORY TAKING OF PRIVATE PROPERTY**" to mean "the enactment or enforcement of any regulations or ordinance which unconstitutionally and temporarily restricts the use of private property."

72. The Court held that the PTZO unconstitutionally restricts the Wineries' businesses by governing certain aspects of the Wineries' operations including speech, where

the Wineries must purchase produce, prohibitions on amplified music, and restrictions on how the Wineries may use their space.

73. The PTZO limited the use of the Wineries' property and decreased the Wineries' value. Therefore, the PTZO constitutes a **REGULATORY TAKING OF PRIVATE PROPERTY**.

74. All damages awarded in the Judgment constitute a **REGULATORY TAKING OF PRIVATE PROPERTY**.

75. The Township is not entitled to coverage for the Lawsuit or the Judgment because all **WRONGFUL ACTS** resulting in **LOSS** occurred outside of the **POLICY PERIOD** or coverage is otherwise excluded by Exclusion 10.

76. However, in the alternative, even if some or all of the **WRONGFUL ACTS** resulting in **LOSS** occurred during the **POLICY PERIOD**, the Policy's $100,000 limit of liability for a **REGULATORY TAKING OF PRIVATE PROPERTY** applies.

**WHEREFORE**, for the reasons set forth above, USSIC respectfully requests that this Court:

    i. Declare that the Policy's $100,000 limit of liability for a **REGULATORY TAKING OF PRIVATE PROPERTY** applies if the Township is entitled to coverage under the Policy; and

    ii. Award USSIC any other relief that this Court deems just and appropriate.

### COUNT IV – DECLARATORY JUDGMENT
*USSIC Has No Duty to Appeal the Judgment.*

77. USSIC reasserts and incorporates by reference Paragraphs 1 through 76 as if fully set forth herein.

78. The Policy provides, in relevant part, that USSIC has the right, but no duty, to appeal any judgment.

79. Should the Township appeal, USSIC has no duty to defend the Township on appeal.

80. Because USSIC has no duty to defend the Township on appeal, should the Township appeal, USSIC has no duty to pay for or reimburse any costs or fees associated with an appeal.

**WHEREFORE**, for the reasons set forth above, USSIC respectfully requests that this Court:

    i.    Declare USSIC has no obligation to appeal the Judgment in the Lawsuit;

    ii.    Declare USSIC has no obligation to pay for or reimburse any costs or fees associated with an appeal; and

    iii.    Award USSIC any other relief that this Court deems just and appropriate.

## COUNT V – DECLARATORY JUDGMENT
*USSIC Has No Duty to Pay the Cost of Appeal Bonds in Excess of the $100,000 Limit.*

81. USSIC reasserts and incorporates by reference Paragraphs 1 through 80 as if fully set forth herein.

82. The Policy provides, in relevant part, that USSIC will pay the cost of appeal bonds but only for an appeal bond amounts within the applicable limit of insurance.

83. The Policy provides, in relevant part, that USSIC does not have to furnish the appeal bond.

84. If the Township is entitled to coverage under the Policy, the $100,000 limit of liability for a **REGULATORY TAKING OF PRIVATE PROPERTY** applies.

85. Therefore, to the extent USSIC has any obligation to pay for the cost of an appeal bond, that obligation is limited to the premium of a bond in the amount of $100,000.

**WHEREFORE,** for the reasons set forth above, USSIC respectfully requests that this Court:

    i.    Declare USSIC, should there be coverage under the Policy, must pay, at most, the cost of the premium of an appeal bond up to $100,000;

    iii.    Declare USSIC has no obligation to furnish the appeal bond; and

    iii.    Award USSIC any other relief that this Court deems just and appropriate.

Dated: August 8, 2025　　　　　　　　　　　　　　　　Respectfully submitted,

**CLYDE & CO US LLP**
*Attorney for Plaintiff*

By: /s/ *Alexander W. Ross*
Alexander W. Ross (IL 6283882)
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 635-7000
alexander.ross@clydeco.us

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing was filed electronically on this 8th day of August, 2025, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

                                                               /s/ *Alexander W. Ross*